UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MADALINE GALLOWAY,
    Plaintiff                                     Case No. 1:05cv525

vs

CLERMONT COUNTY DEPT.
OF HUMAN SERVICES, et al.,         **ORDER**
    Defendants                              (Spiegel, J.)

       Plaintiff, a resident of Cincinnati, Ohio, brings this civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

       In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, a former employee of the Clermont County Department of Human Services (CCDHS), brings this action against CCDHS and individual employees thereof, Clermont County Prosecutor Donald White, Clermont County Assistant Prosecutors Elizabeth Mason and Mary Lynne Birck, Walter Edwards, an attorney for Local 8, AFSCME, John Woliver, Esq., Bonnie Henry, a resident of Amelia, Ohio, and Central Business Supply. Plaintiff alleges that in 1997 defendant CCDHS terminated her employment "based on malfeasance, failure of good conduct, and dishonesty" following a false report made by defendant Henry. She was represented at her disciplinary hearing by defendant Woliver at which defendant Peggy Nicholas, a union steward, and defendants Mason and Birck were present. Plaintiff states she was denied the right to cross-examine defendant Henry at her disciplinary hearing. In June 1997, criminal charges were filed against plaintiff. Plaintiff was again represented by defendant

Woliver. On December 11, 1997, the criminal charges against plaintiff were dismissed without prejudice. On July 12, 2000, plaintiff filed a complaint in the Clermont County Court of Common Pleas against many of the same defendants named in the instant federal complaint. The State court complaint alleged claims of age discrimination, handicap discrimination, conspiracy, and intentional infliction of emotional distress. On September 21, 2004, summary judgment was granted for the defendants in the state court action. Plaintiff appealed to the Clermont County Court of Appeals and to the Ohio Supreme Court. On June 29, 2005, the Ohio Supreme Court declined jurisdiction to hear the case. Plaintiff presented the instant federal complaint for filing on July 29, 2005. As relief, plaintiff seeks "the right to have plaintiff's case heard, as requested in plaintiff's original claim, as a trial by jury."

To the extent plaintiff alleges the Ohio state courts erred in their rulings against her in her state court action, this federal court is without jurisdiction to review the state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[T]he *Rooker-Feldman* doctrine . . ., a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995), *cert. dismissed*, 116 S.Ct. 492 (1995). The doctrine precludes lower federal courts from exercising jurisdiction over claims that were actually litigated in state court or are "inextricably intertwined" with a state court adjudication. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516-17 (6th Cir. 2004). When the Court is asked to "engage in appellate review of state

3

court proceedings" the *Rooker-Feldman* doctrine necessarily applies. *Id.*, quoting *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). Thus, to the extent plaintiff seeks review in this Court of the Common Pleas court decision granting summary judgment against her or the adverse state appellate court decisions, this Court lacks subject matter jurisdiction over plaintiff's complaint.

Moreover, plaintiff's complaint is barred by the applicable two-year statute of limitations for section 1983 actions. *See Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). The statute of limitations commences to run when the plaintiff knows or has reason to know of her injury when she should have discovered it through the exercise of reasonable diligence. *Sevier v. Turner*, 742 F.2d 262, 272-273 (6th Cir. 1984). In the instant case, plaintiff's cause of action accrued in 1997, when she was terminated from her employment, attended her disciplinary hearing, and had criminal charges dismissed against her. The statute of limitations expired two years later in 1999. Plaintiff's instant complaint, filed in 2005, is therefore untimely and must be dismissed.

Likewise, to the extent plaintiff alleges an age discrimination claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 et seq., and a disability discrimination claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., such claims must be dismissed. There is no indication from the complaint or attachments thereto that plaintiff exhausted her administrative remedies on such claims or that she filed her federal court action within ninety days of receipt of a right to sue letter. *See* 29 U.S.C. § 626(d) and (e); 42 U.S.C. § 12117(a)(procedures from § 2000e-5 apply to ADA claims); 42 U.S.C. § 2000e-5(f)(1); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), *cert*

4

*denied*, 533 U.S. 951(2001).  Nor has plaintiff alleged any facts that would justify equitable tolling of the limitations period.  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir. 1987).  Therefore, plaintiff's ADEA and ADA claims are dismissed.

      Finally, to the extent plaintiff may be complaining that she was denied the right to a trial by jury in the state court, her complaint fails to state a claim for relief in this federal court action because while the Seventh Amendment to the United States Constitution guarantees the right of trial by jury in civil cases in federal courts, there is no federal constitutional right to a trial by jury in a state civil action. *Minneapolis & S. L. R.R. Co. v. Bombolis,* 241 U.S. 211, 216 (1916); *Letendre v. Fugate*, 701 F.2d 1093 (4th Cir. 1983); *Olesen v. Trust Co. of Chicago*, 245 F.2d 522 (7th Cir.), *cert. denied,* 355 U.S. 896 (1957).  *See also Wagner Co. v. Lyndon*, 262 U.S. 226 (1923) ("the deprivation of a right of trial by jury in a state court does not deny the parties due process of law under the Federal Constitution").  Accordingly, plaintiff's claim that she was denied the right to trial by jury in a state proceeding will not serve as the basis for a civil rights action in federal court. *CG6 Concrete Specialists, Inc. v. Dept. of Police, Town of Berryville, Va.*, 2004 W.L. 2203451, *3 (W.D. Va. 2004); *Dyson v. Sposeep*, 637 F. Supp. 616, 621 (N.D. Ind. 1986).

      Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the ground that the Court lacks jurisdiction to review the complaint or, in the alternative, that the complaint fails to state a claim upon which relief may be granted.  The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

      The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date: <u>August 4, 2005</u>             <u>s/S. Arthur Spiegel            </u>
                                         S. Arthur Spiegel
                                         United States Senior District Judge